KENAH *v.* THE TUG JOHN MARKEE, JR.*

(*District Court, E. D. Pennsylvania.* June 11, 1880.)

1. ADMIRALTY—EVIDENCE—ADMISSION IN ANSWER—RETRACTION OF BY AMENDMENT.—An answer containing an admission of a contract as stated in the libel, may by leave of the court, be afterwards amended by withdrawing the admission; but this will not relieve the respondent from the effect of his admission as evidence.

2. SAME—EFFECT OF SUCH ADMISSION.—In such case the admission must be considered in the light of all the circumstances, and accorded such influence as may seem just.

3. SAME—EVIDENCE—DECLARATIONS OF MASTER AFTER LEAVING OWNER'S SERVICE.—In an action for the loss of a vessel the declarations of the master, made after quitting the service of the owners, are not admissible as evidence against them.

In Admiralty.

Libel *in rem* by the owner of the barge Zouave and her cargo against the tug John Markee, Jr., setting forth a contract on the part of the tug to tow the barge from Philadelphia to Salem Creek canal, and place her in the mouth of the canal. The libel averred that instead of placing the barge in the mouth of the canal the tug left her in a dangerous position in the river about 300 yards below the canal; that the master of the barge, finding it impossible to remain in this position, attempted to pole the barge into the canal, but that in so doing the barge was swept away by the tide and wrecked.

The answer admitted the contract as stated in the libel, and alleged that the tug had towed the barge into the mouth of the canal, but subsequently moved her at the request of her master to the point where she was afterwards left.

From the libellant's testimony it appeared that there was no one on the barge but her master, and that he could have managed her if she had been placed in the mouth of the canal, but was unable to do so without assistance at the place where she was left, and that he was unable to procure assistance.

*Reported by Frank P. Prichard, Esq. of the Philadelphia bar.

Notwithstanding the admission in the answer of the contract as stated in the libel, the respondents took testimony to show that the contract on the part of the tug was to tow the barge to the mouth of the canal and not into the canal. After the testimony was closed respondents moved to amend their answer in this respect: filing an affidavit that the admission had been made under a misconception of the language of the libel. This motion was opposed by libellant.

Respondent also offered evidence, under objection from libellant, to show certain declarations of the master of the barge with regard to the loss, made in the absence of libellant, long after the suit had been brought and after the master had left libellant's employment.

*George P. Rich*, for libellant.

*H..G. Ward* and *J. Warren Coulston*, for respondents.

Upon the motion to amend the answer the court delivered the following opinion:

BUTLER, D. J. As originally drawn, and until the testimony had been closed and the argument commenced, the answer raised no question respecting the contract. The statements of the libel, in this particular, were admitted, and the respondent averred performance by placing the barge "in the mouth of the canal." The motion to amend, so as to permit the question whether the contract required the barge to be placed in the mouth of the canal, to be raised, is allowed. This will not, however, relieve the respondent from the effect of his admission and statement, as *evidence*, in passing upon the new issue raised. They must be considered in the light of all the circumstances, and accorded such influence as may seem just.

Upon the merits of the case disclosed by the pleadings and proofs the court delivered the following opinion:

BUTLER, D. J. I will not enter upon a discussion of the evidence. It is conflicting; but I believe it shows, with reasonable certainty, that the contract was to run the barge *into the mouth of the canal;* that it was not so run in; and that the loss of the barge was the direct consequence of this failure.

The allegation that the libellant requested to be taken out, after being run in, and be left below, in the river, is improbable on its face, and is not sustained by the evidence.

The respondent cannot complain of the smallness of the crew. It would have been sufficient for the barge's management if she had been placed in the canal. That it was not sufficient to extricate her from the position in which she was improperly left, is not important. The circumstance that it was so small, of itself tends, forcibly, to prove that the libellant did not contract to be left out in the river, where his crew would be inadequate to the management of his boat. I do not find anything in the case which should relieve the respondent from liability for the loss. That the libellant should have made an effort to get into the canal, under the circumstances existing, after he was left, seems clear. He certainly is not blamable for doing so.

It is proper to say that the alleged declarations of the master of the barge, made after quitting the command and the libellant's service, have not been considered. I have regarded them as inadmissible as evidence.